[File No. 6424.]

S. P. RIGLER, Appellant, v. FIDELITY BUILDING & LOAN
ASSOCIATION, a Corporation, Respondent.

(269 N. W. 58.)

Opinion filed September 19, 1936.

*Roy A. Ployhar,* for appellant.
*Fred J. Fredrickson,* for respondent.

1

2

JANSONIUS, Dist. J. Most of the facts in this case have been stipulated, and are as follows:

On September 5th, 1929, the plaintiff, S. P. Rigler, and his wife, Leah Jane Rigler; B. M. Rigler, and his wife, Birdie Rigler, borrowed $11,500.00 from the defendant, which was evidenced by a promissory note dated September 5th, 1929, payable to the order of defendant in monthly payments, and which note was secured by a mortgage on Lot (6), Block (7), Original Plat of Mandan, Morton County, North Dakota. The loan was further secured by forty (40) Class "A" Installment Shares belonging to S. P. Rigler, of defendant corporation, which was at that time of the value of $80.00, and upon which plaintiff made monthly payments, and which with the accrued dividends on July 1st, 1933, had a book value of $430.65.

Plaintiff and his co-signers became in arrears in the repayment of said loan in February, 1932, and continued to be in default both in the payment of the loan, and in the payment of taxes on the premises, and insurance premium.

Beginning about May, 1932, plaintiff and the defendant carried on negotiations through correspondence and personal interviews for the purpose of bringing said loan payments and taxes up to date. No satisfactory plan was evolved, and plaintiff on several occasions offered to convey to defendant the property covered by the mortgage, and after several months of such negotiations the defendant agreed to accept a warranty deed to the premises.

A deed was accordingly given, dated May 26th, 1933, and was filed for record in Morton County on June 1st, 1933. This was followed by a satisfaction of the mortgage which is dated May 25th, 1933, and sent to the Mandan Abstract Company with the deed above referred to on May 29th, 1933, to be recorded.

On July 5th, 1933, after the deed and satisfaction had been recorded, and abstract continued, the original note, assignment of rents, and recorded satisfaction of mortgage were returned to plaintiff.

The defendant did not return to plaintiff the 40 class A Installment Shares for the reason that the defendant contended that the value thereof, to-wit, $430.65, was applied on the aforesaid indebtedness due defendant from plaintiff.

This action is brought to recover the value of these shares. The plaintiff contends that the stock is his property; that it became such upon the execution and delivery of the deed, and maintains that in conveying the title to the premises covered by the mortgage securing the debt, the stock was released and the plaintiff entitled to recover the value thereof.

In addition to the stipulation of facts, oral testimony was taken bearing on the question of demand for the payment of the money involved here, and also to bring the correspondence and other exhibits before the court.

The testimony disclosed that while the negotiations for refinancing or selling the property was discussed, the amount mentioned due defendant on the mortgage was computed after deducting the book value of the shares involved in this action. This testimony is corroborated by the correspondence between the parties.

On December 7th, 1932, in a letter from defendant to plaintiff, he says in part:

"I will appreiate it very much if you will write me a letter stating the amount due you at this time."

On December 29th, defendant replied as follows:

"In compliance with your request, we set forth below statement of balance due in your loan as of December 31st, 1932, as follows:

*Loan No. 1096*

| | |
|---|---:|
| Balance principal | $8,816.48 |
| Interest to 12/31/32 | 705.36 |
| Balance funds advanced Dec. 8th, 1930 | 476.62 |
| Interest on above | 97.22 |
| Advanced for Insurance 12/17/32 | 150.64 |
| Total | $10,246.32 |
| Surrender value A–5274 | 430.65 |
| Balance | $9,815.67 |

In addition to the above, the taxes for the years 1930, 1931 and 1932 are unpaid. . . ."

The mortgage securing the indebtedness contains the following pro-

4

vision:. "As additional collateral security to the aforesaid note and to this mortgage, the said parties of the first part, for value received do hereby. assign, transfer, deliver and pledge to the party of the second part all their right, title and interest in and to —40— installment shares of the capital stock of Fidelity Building and Loan Association and evidenced by certificate number —5274—. And the said parties of the first part do covenant and agree to pay all dues, fines and other charges on said shares as provided in the By-Laws of said Fidelity Building and Loan Association."

The mortgage also contains the following provisions:

"It is further provided and agreed, That in case of foreclosure of any mortgage or lien of any nature or kind upon the herein described premises which shall be prior to this instrument, and the party of the second part shall become the owner of the certificate of sale under such foreclosure, then and in that event the party of the second part may at its option cancel upon the books of Fidelity Building and Loan Association the hereinbefore stated stock which is pledged as collateral security and apply the value thereof upon any obligation due or to become due from the parties of the first part to the party of the second part."

"It is further provided and agreed, In case the parties of the first part shall sell and convey the herein described premises, that the Stock of said Fidelity Building and Loan Association which is held by the party of the second part as collateral or a pledge to the loan for which this mortgage is given to secure, is also conveyed and assigned to said purchaser, unless the parties of the first part shall before the delivery of such conveyance have paid to the party of the second part the full amount due upon this mortgage. Said conveyance shall be deemed also to be an assignment of said collateral or pledge and the party of the second part is hereby empowered to treat the said stock, collateral or pledge as having been so conveyed without any written assignment thereof on said stock, and in such event the Secretary of said Fidelity Building and Loan Association is hereby empowered to transfer at any time the said stock on the books of said Fidelity Building and Loan Association to the name of said grantee or grantees."

The appellant contends that the trial court appears to have been governed by the provisions of § 28 of chapter 94 of the Session Laws

of 1931, and that such law does not apply to this case. This section is as follows:

"Conveying property mortgaged to association. The conveyance or transfer of property mortgaged to a building and loan association shall act as a transfer also of the shares of such association securing said loan. If a borrowing member of such association shall convey the title to any property upon which such borrowing member has given to the association a mortgage lien, without the purchaser assuming the payment of the indebtedness to the association thereby accrued, the board of directors may in their discretion declare the entire indebtedness due and proceed to the collection of the debt in the manner provided by the by-laws of such association and by this act."

It is true the mortgage was executed prior to the enactment of this law, and the statute must be construed to be prospective and not retroactive insofar as it may interfere with contractual obligations, but a statute cannot be said to impair contractual obligations or interfere with property rights when the language of the statute is substantially the same and confirms the language of the contract.

Chapter 94 was in force prior to the negotiations which culminated in the execution of the deed and satisfaction.

It is also true, as was stipulated, that the satisfaction of the mortgage was dated one day earlier than the deed, but the reason was satisfactorily explained by the testimony. It is not unusual to have a satisfaction prepared and in readiness for the time that the mortgage is paid, especially where the transactions must be consummated through an agent.

The trial court found in favor of the defendant and dismissed the action. We have carefully considered the stipulation, exhibits and oral testimony, and are agreed that the judgment of dismissal is in accordance with the weight of the evidence, and that the judgment appealed from must be affirmed.

BURKE, Ch. J., and BURR, NUESSLE and MORRIS, JJ., concur.

Mr. Justice CHRISTIANSON, deeming himself disqualified, did not participate, Hon. Fred Jasonius, Judge of the Fourth Judicial District, sitting in his stead.